Shevalier v. Stephenson.

---

ALPHIA M. SHEVALIER, APPELLANT, v. ELMER B. STEPHENSON, ADMINISTRATOR, ET AL.; MARGARET A. MILLIKEN, APPELLEE.

FILED DECEMBER 18, 1912.   No. 16,874.

1. Appeal: REFUSAL OF CONTINUANCE. Alleged errors of the trial court in refusing a continuance will not be considered upon plaintiff's appeal, when the plaintiff, after such continuance was refused, dismissed her action, and the cause was afterwards tried solely upon the cross-petition of one of the defendants, and no further application was made for a continuance and no showing of any necessity for a continuance upon the trial of the issue presented in the cross-petition.

2. ———: SUIT IN EQUITY: EVIDENCE. The rule that, upon appeal in an action in equity tried before the judge of the district court, it will be presumed that the court decided the case solely upon

competent evidence, and that no alleged errors in receiving incompetent testimony will be considered in this court, is well established and never departed from.

3. Injunction: MULTIPLICITY OF SUITS. A court of equity may enjoin a plaintiff from bringing successive actions for the same alleged cause against the same parties. If such action is begun and, when ready for trial upon issues joined, is dismissed by plaintiff, and immediately recommenced and again dismissed by plaintiff when ready for trial after the issues have been made by the parties, another action for the same alleged cause against the same parties should be enjoined, in the absence of any evidence of good faith on the part of the plaintiff in so doing.

4. ———: ———. If an action at law has proceeded to judgment, and one of the parties afterwards brings successive vexatious suits in equity to obtain a new trial, dismissing her case and immediately recommencing it, the defendant will not be required to further establish her legal rights in the controversy before obtaining upon cross-petition in the action in equity an injunction restraining the plaintiff from further dismissing and recommencing such action.

5. Equity: RELIEF. When a court of equity has taken jurisdiction of the principal matter in controversy between the parties, it will dispose of the whole matter, and prevent further unnecessary litigation.

6. Judgment: RES JUDICATA: PARTIES. A decree in equity is binding only upon parties to the action; but the matters determined by the decree cannot again be litigated against a party to the trial on the ground that she is jointly liable with others who were dismissed from the action before trial.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*Minor S. Bacon,* for appellant.

*Tibbets & Anderson* and *F. B. Baylor, contra.*

SEDGWICK, J.

When Helen Horn died, in 1907, she left real estate of the value of something more than $20,000 and some personal property. This plaintiff presented to the county court of Lancaster county an alleged will of Mrs. Horn,

giving her property to this plaintiff and another.   Upon contest in that court, probate was allowed, and the heirs of Mrs. Horn, Margaret A. Milliken, Jennie E. Foley, and Mary K. Nichols, appealed to the district court.   While the contest was being tried in that court, the heirs claimed that this plaintiff had taken several thousand dollars of money, belonging to the estate, and other personal property, and caused her to be arrested upon a charge of larceny.   Several thousand dollars were found upon her person.   Thereupon, through the plaintiff's attorney, purporting to act for her, a settlement of the matter was made with the heirs.   The money was assigned to plaintiff's attorney, and by him to the administrator of the estate, and a judgment was entered determining the contest in favor of the heirs.   The plaintiff afterwards brought this action in equity in the district court for Lancaster county to obtain a new trial of the will contest, and to recover the money taken from her person while under arrest, and assigned by her to the administrator in the said settlement.   In her petition she alleges that the settlement of the controversy which resulted in the judgment against her in the contest proceedings was obtained by duress, and the fraud and misconduct of her attorney conniving and conspiring with those interested to defeat her.   She made the three heirs of Mrs. Horn, the administrator of the estate, the police officers who participated in her arrest, and her attorney, who represented her in the contest proceedings and in the settlement, defendants in this suit.

Mrs. Milliken, as one of the heirs, answering, denied the principal allegations of the plaintiff's petition, but admitted the transfer of the money to the administrator and the settlement of the contest proceedings through the plaintiff's attorney, and, as cross-petition against the plaintiff, alleged that in September, 1908, which was about 18 months before this action was begun, this plaintiff began an action in the district court for Lancaster county against these same defendants, "in which the same matters

and facts were set forth in the petition as are set forth in the petition herein," and that, when issues were joined in that case and the same was ready and argued, the plaintiff dismissed the action, and immediately began another action against the same defendants, and filed a petition which was an exact copy of the petition in the former case, and that, after issues were duly joined in the second action and the case ready for trial, the plaintiff dismissed the action, without prejudice, and immediately filed the petition in this action, which is an exact copy of the former petitions. She also alleged the interest of the answering defendant in the property of the estate and the value of the property, and that these repeated actions prevented a settlement of the estate, clouded the defendant's title in the real estate, and caused the defendants great and unnecessary expense and annoyance, and that the actions were brought by the plaintiff without any desire or intention of obtaining a trial and determination of the issue so presented, but for the sole purpose of "harrassing and embarrassing this defendant and her co-heirs from disposing of said real estate and to cast a cloud upon the title of the same." The prayer of the cross-petition was that the plaintiff be enjoined from harrassing defendant "with actions based upon the allegations contained in the petition herein, and that she be enjoined from prosecuting any action looking toward the setting aside of the judgment rendered against the said plaintiff" in the will contest. The trial court found the issues in favor of the defendant and enjoined the plaintiff as prayed, and the plaintiff has appealed.

1. The action of the trial court first complained of is in refusing a continuance of the case upon application of the plaintiff. This application was based upon the absence of a witness and was supported by an affidavit, but the matters that it was supposed the witness would testify to were not stated in the affidavit, and, after the court had overruled the application, the plaintiff dismissed her action as to all the defendants; but, upon the objection of

the cross-petitioner, the court refused to dismiss the cross-petition and proceeded to the trial of the issues so joined. No further application for a continuance was made, and it is clear that the plaintiff cannot now avail herself of any supposed errors of the court in refusing the continuance. There is nothing in the record to show that any continuance was necessary, or was supposed to be necessary, upon the hearing of this defendant's cross-petition.

2. The plaintiff complains of the rulings of the court in admitting evidence, and in allowing too much latitude to defendant's attorney in cross-examining the plaintiff, and in other similar matters; but in a trial to the court, and especially in an equity case, the court is supposed to base its judgment upon the competent evidence produced, and, if evidence which was properly introduced will support the judgment, error in allowing incompetent evidence or cross-examination will not be considered.

3. It is insisted that the evidence does not support the decision, and that an action to enjoin the commencement of further suits, under the circumstances, cannot be maintained. The plaintiff in the brief says: "We maintain that we have the right to dismiss a suit, either in equity or at law, without prejudice to a new action, and immediately refile the same suit, against the same parties, concerning the same subject matter, asking the same relief, when the suit has not been fully and legally adjudicated between the parties. It has been held that this right continued as long as there is the right to submit the cause on its merits." *Thornhill v. Hargreaves,* 76 Neb. 582, is cited as supporting this doctrine. That was a proceeding to revive a dormant judgment begun in the county court, and after having appealed to the district court the plaintiff dismissed the proceedings. He afterwards begun new proceedings to revive the judgment, and the former action and the dismissal thereof were relied upon as a bar to the new proceedings. The court held that the plaintiff had a right to dismiss his action in the district court, without prejudice, and after such dismissal another action might

be begun. The questions here presented were not involved in that case, and there is nothing in the opinion that supports the plaintiff's contention.

When a plaintiff seeks to enjoin a multiplicity of suits, and relies upon an alleged right as between himself and the defendant as the basis of his action—that is, if his right of action depends upon his title to certain real estate or upon his ownership and right of possession of certain personal property, and that title or that ownership and right of possession is contested and doubtful—it has been frequently held that he must first establish that right in an action at law before he can maintain his action in equity to prevent further litigation. If this rule obtains where there is no distinction between the procedure in an action at law and in actions in equity, as in the code states generally, and if the application of the rule might in an action in equity depend upon the circumstances of the particular case, it seems clear that the rule has no application in the case at bar. The principal contention between these parties was as to the probate of the proposed will. That issue had been determined in an action at law. If a party could bring successive actions for the same cause, and successively dismiss and again begin the action, the rights of the parties would never be determined in actions so brought and dismissed, and there would, under plaintiff's contention, never be a time when the court could stop such proceedings.

The plaintiff says that she was prevented from having the issues she desired to present determined because of the unjust and erroneous rulings of the court in refusing continuances, and otherwise preventing a fair trial, and so compelling her to dismiss the successive suits. Errors of law committed by the trial court prejudicial to the rights of a litigant cannot ordinarily be corrected by another suit in the same court. The remedy is by appeal; and, unless appealed from, such rulings must be regarded as right. Any attempt to correct such rulings except by appeal is usually regarded as a collateral attack. We

must therefore consider that the plaintiff dismissed her cases voluntarily, and without any ground for so doing except to serve her own purposes. Under such circumstances, the plaintiff would be required to produce evidence to convince a court of equity that she was attempting in good faith to procure a fair trial upon the merits of her claim. The plaintiff used the same allegations in each case begun by her. The petition in this case shows that it was verified long before the former case was dismissed. Whenever it was thought that the action which she had pending was about to be brought to trial, she was already prepared with a duplicate of the petition, and, when the matter could no longer be delayed in court, her action was dismissed, and immediately the same action, substantially, begun again. The brief is quite voluminous, but it does not point out any evidence in the record that would explain or justify her motive in so proceeding. It is true that there had been no adjudication as to the plaintiff's right to the money that she assigned to the estate, and as to the validity of that assignment; but if the contest of the will was the main issue between the parties, and if the rights of the respective parties in that issue had been fully determined, as we have seen, in an action of law, a court of equity, having taken jurisdiction of the principal controversy, ought at the same time to determine the whole matter.

4. The plaintiff insists that, as her action was dismissed as against the other two heirs and all other defendants, the court was without jurisdiction to enjoin the plaintiff from proceeding against the other defendants. The decree was "that the plaintiff be, and she is hereby, permanently enjoined from prosecuting or instituting any further action for the recovery of the $5,100, or for the setting aside of the decree of the district court rendered in the matter of the estate of Helen A. Horn, deceased, wherein the probate of the will proposed by the plaintiff, Alphia M. Shevalier, was denied, and from instituting, prosecuting or furthering any actions including said matters." This is

perhaps the usual form in such cases, and is, of course, binding only upon the parties thereto. It enjoined the plaintiff from bringing any more actions of the same nature against the cross-petitioner, or that will affect the interests of the cross-petitioner in adjusting and distributing the estate in question. There is no doubt that the court had jurisdiction to adjudicate all the interests of the plaintiff against this cross-petitioner in the matters involved in litigation, and we do not see that the decree has gone further than necessary for that purpose.

We think the judgment of the district court is supported by the evidence, and it is

AFFIRMED.

REESE, C. J., having been of counsel in a former stage of this litigation, took no part in this decision.

ROSE, J., took no part in the decision.