133 N.W.2d 595 (1965)
178 Neb. 397
Margaret MURPHY, Administratrix of the Estate of Joseph John Murphy, Deceased, Appellee,
v.
HI-WAY G. M. C. SALES AND SERVICE CORPORATION, Appellant.
No. 35933.
Supreme Court of Nebraska.
March 5, 1965.
*596 Frederick M. Deutsch, William I. Hagen, James P. Monen, Norfolk, for appellant.
E. Merle McDermott, Grand Island, Flansburg, Mattson, Field, Ricketts & Gourlay, Lincoln, for appellee.
Heard before WHITE, C. J., and CARTER, SPENCER, BOSLAUGH, BROWER, SMITH and McCOWN, JJ.
BOSLAUGH, Justice.
This is a proceeding under the Workmen's Compensation Act. The plaintiff is the administratrix of the estate of Joseph John Murphy, deceased, who died as the result of injuries sustained in an automobile accident near Creighton, Nebraska, on February 16, 1962. At the time the accident happened Murphy was employed as a salesman by Hi-Way G.M.C. Sales and Service Corporation, the defendant.
The compensation court found that Murphy died as the result of an accident arising out of and in the course of his employment and entered an award for the plaintiff. The defendant waived rehearing before the compensation court and appealed directly to the district court. The district court found that Murphy died as the result of an accident arising out of and in the course of his employment and that the plaintiff was entitled to recover the benefits provided in the Workmen's Compensation Act. The defendant's motion for new trial was overruled and it has appealed.
The principal issue presented by the appeal is whether Murphy was injured in an accident arising out of and in the course of his employment. Most of the assignments of error relate to that issue. The defendant also contends that the trial court erred in overruling the objections of the defendant to certain evidence offered by the plaintiff.
A workmen's compensation case is considered de novo upon the record in this court. Solheim v. Hastings Housing Co., 151 Neb. 264, 37 N.W.2d 212. Ordinarily, alleged errors in the admission of evidence are not considered by this court where the review is de novo upon the record. Shevalier v. Stephenson, 92 Neb. 675, 139 N.W. 233. Accordingly, the assignments of error relating to the overruling of the defendant's objection to certain evidence are not discussed in this opinion, but our consideration of the record is limited to the evidence which was properly admitted.
The evidence shows that Murphy was employed as a full-time truck and trailer salesman by the defendant at Grand Island, Nebraska. He was paid on a commission basis and reimbursed for hotel, lodging, fuel, and general traveling expenses. His territory included Kansas and Nebraska and he would go into any area where there were prospective customers. He did not have definite working hours and had a wide discretion as to where to go to contact customers.
On February 15, 1962, Murphy and Tom Gibb, the defendant's sales manager, went to Creighton, Nebraska, to see several customers. They talked with Merle Waldow and Dan Dawson at the Dawson Filling Station in Creighton that afternoon. They did not complete their business that day and planned to see Waldow and Dawson again at Creighton the next day.
*597 At about 8:30 p. m., Murphy and Gibb went to Jerry's Bar in Creighton with Fred Smith, an employee of Dawson. While they were at the bar, Smith went to the hotel to inquire about rooms for Murphy and Gibb. The hotel was full but there were some private rooms available. Murphy and Gibb told Smith that they did not want a private room and said that they would go to Plainview, Nebraska. Smith also told Murphy and Gibb that there was a "mountain oyster" feed that evening at a bar in Brunswick, Nebraska. Murphy, Gibb, and Smith then decided to go to Brunswick.
Murphy rode with Smith in his car from Creighton to Brunswick. Gibb followed driving a carryall owned by the defendant that Murphy and Gibb had used to drive to Creighton from Grand Island. They spent the rest of the evening at the bar in Brunswick eating, drinking, and talking with the people who were there. There is some evidence that at Brunswick Murphy talked to a man about buying a truck.
At about 11:30 p. m., Murphy and Gibb left the bar in Brunswick. They told Smith that they were leaving to get a room and he understood that they were going to Plainview. Smith did not return with Murphy and Gibb.
Murphy and Gibb did not go directly from Brunswick to Plainview but returned to Creighton over the same route that they had taken to Brunswick. They were observed in Creighton at about midnight. The accident happened shortly after midnight at a point 1 ¾ miles south of Creighton on State Highway No. 13.
The defendant contends that the accident which resulted in the death of Murphy did not arise out of and in the course of his employment by the defendant. The defendant's theory of the case is that Murphy deviated from his employment when he went to the bar at Creighton, Nebraska, with Gibb and Smith and that he could not return to his employment until the following morning when he was to meet Waldow and Dawson at Creighton.
The accident involved in this case is the same accident that was involved in Gibb v. Highway G.M.C. Sales & Service Corp., 178 Neb. 127, 132 N.W.2d 297. In that case we said: "Ordinarily a commercial traveler is regarded as acting in the course of his employment during the entire period of travel on the employer's business, and his acts in procuring food and shelter are considered, ordinarily, to be incidents of his employment. * * * Where an employee deviates from the scope of his employment for purposes of his own, he is regarded as being outside the scope of his employment until he has returned either to the point of deviation from the path of duty, or to a point where in the performance of duty he is required to be. * * * Where an employee has returned to the point of deviation and engages in the duties of his employment, or engages in acts reasonably incidental to his employment, which but for the deviation, would have been performed, although at an carlier time, he is within his employment and the coverage of the Workmen's Compensation Act."
In the Gibb case we held that Gibb had deviated from his employment at Creighton but had returned to his employment when he returned to Creighton, the point of deviation. The trip to Plainview to obtain lodging was incident to his employment and, therefore, in the service of the defendant.
The evidence in this case is such that we believe that the decision in the Gibb case is controlling. Thus, if it is assumed that Murphy deviated from his employment at Creighton, he returned to his employment when he returned to Creighton from Brunswick with Gibb at about midnight. The trip to Plainview was incident to the employment, and the accident which occurred south of Creighton arose out of and in the course of his employment.
The defendant places great emphasis upon the fact that Murphy and Gibb did not proceed from Brunswick to Plainview by *598 the most direct route available. By returning to Creighton first before proceeding to Plainview they selected a route which was some 20 miles longer than the most direct route available. In view of the holding in the Gibb case, this is not a controlling circumstance. Under the rule of that case it is sufficient that Murphy had returned to the point of deviation before the accident happened.
The judgment of the district court is correct and it is affirmed.
Affirmed.