ELIZABETH CURRIE, A MINOR CHILD, BY AND THROUGH HER
FATHER AND NEXT FRIEND, THOMAS CURRIE, AND THOMAS
CURRIE, INDIVIDUALLY, APPELLANTS, V. CHIEF SCHOOL BUS
SERVICE, INC., APPELLEE.

553 N.W.2d 469

Filed October 4, 1996. No. S-94-692.

Phillip G. Wright, of Quinn & Wright, for appellants.

Michael G. Mullin, of McGrath, North, Mullin & Kratz, P.C., for appellee.

WHITE, C.J., CAPORALE, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ., and QUIST, D.J.

CONNOLLY, J.

The question for decision is whether an order granting summary judgment is a final, appealable order when a counterclaim in the same action is pending in the district court at the time the appeal of the order granting summary judgment was perfected.

Elizabeth Currie, a minor, by and through her father, Thomas Currie (Currie), brought this negligence action against Chief School Bus Service, Inc. (Chief), to recover damages for injuries sustained, as the result of being punched in the face by another student, while riding one of Chief's buses. Chief filed a counterclaim for attorney fees and costs, alleging that Currie's suit was frivolous. Both parties filed motions for summary judgment on Currie's petition. The district court for Sarpy County granted Chief's motion for summary judgment, dismissed Currie's petition, and set Chief's counterclaim for trial at a later date.

While Chief's counterclaim was pending trial, Currie appealed the district court's summary judgment order to the Nebraska Court of Appeals. Before a decision on the appeal was rendered, the district court conducted a trial on Chief's counterclaim and awarded Chief damages for attorney fees and costs incurred in defending the action. The Court of Appeals then summarily affirmed the district court's order granting Chief's motion for summary judgment, and this court denied further review. Currie appeals the district court's order awarding Chief damages on the counterclaim.

We determine that the district court's order granting Chief's motion for summary judgment was a final, appealable order, notwithstanding the fact that Chief's counterclaim was pending in the district court at the time Currie perfected the appeal of the order. As a result, we conclude that the district court's order awarding Chief damages on the counterclaim is void, because the district court was divested of jurisdiction to proceed on the counterclaim the instant Currie perfected the appeal of the summary judgment order. Thus, we reverse and vacate the district court's order, and remand for a new trial on the counterclaim.

## I. BACKGROUND

On March 22, 1991, while riding one of Chief's buses to school, Elizabeth Currie was punched in the face by another student, causing her to strike her head on a window. Prior to bringing this negligence action against Chief, Currie brought a tort action against the student and his father. The jury returned a verdict for Currie, which was affirmed by the Court of Appeals. See *Currie v. Dicus*, 95 NCA No. 31, case No. A-93-1025 (not designated for permanent publication).

On October 21, 1992, Currie filed a negligence action against Chief, alleging essentially that its employee, who was operating the bus the day Elizabeth Currie was injured, knew of the student's violent propensities and failed to exercise a reasonable degree of care to prevent the assault from occurring. Chief counterclaimed, pursuant to Neb. Rev. Stat. § 25-824 (Reissue 1995), alleging that Currie's suit was frivolous. Both parties filed motions for summary judgment on

Currie's petition. In its order dated July 29, 1993, the district court held: "I find Plaintiff's Motion for Summary Judgment should be denied, that Defendant's Motion for Summary Judgment should be granted, that the action by the Plaintiff should be dismissed, and the matter should be set for trial at a later date on Defendant's counter-claim."

On August 24, 1993, Currie filed a notice of intention to appeal this decision to the Court of Appeals. On April 4 and 5, 1994, while the appeal was still pending, evidence was adduced on the trial of the counterclaim. In its order dated June 10, 1994, the district court held:

> Based upon all of the evidence, facts and circumstances, I find the action brought by the plaintiffs against the defendant was frivolous and brought in bad faith. The cost of defending the action, from time of filing through the granting of the motion for summary judgment, was $12,207.48. . . . I conclude the defendant should have judgment in this amount on its counter-claim against plaintiffs' counsel . . . and that the defendant should have a judgment against the plaintiff Thomas Currie for the sum of $3,051.87, which judgment is joint and several with the judgment to be entered against plaintiffs' counsel.

On February 7, 1995, the Court of Appeals summarily affirmed the district court's order granting summary judgment in favor of Chief. On March 22, this court denied Currie's petition for further review. Currie appeals the district court's order awarding Chief damages on the counterclaim.

## II. ASSIGNMENTS OF ERROR

Currie alleges that the district court erred in (1) finding that it had jurisdiction to proceed on Chief's counterclaim after Currie perfected the appeal of the order granting summary judgment in the Court of Appeals, (2) finding that Currie's petition was frivolous, (3) failing to allow Currie to produce evidence and testimony subsequent to the summary judgment proceeding, and (4) awarding the amount of damages it did to Chief on Chief's counterclaim.

### III. STANDARD OF REVIEW

Although an extrajurisdictional act of a lower court cannot vest the appellate court with jurisdiction to review the merits of the appeal, the appellate court has jurisdiction and, moreover, the duty to determine whether the lower court had the power, that is, the subject matter jurisdiction, to enter the judgment or other final order sought to be reviewed. *In re Interest of J.T.B. and H.J.T.*, 245 Neb. 624, 514 N.W.2d 635 (1994).

When a jurisdictional question does not involve a factual dispute, determination of the jurisdictional issue is a matter of law, which requires an appellate court to reach a conclusion independent from the trial court's conclusion on the jurisdictional issue. *Payne v. Nebraska Dept. of Corr. Servs.*, 249 Neb. 150, 542 N.W.2d 694 (1996); *Becker v. Nebraska Acct. & Disclosure Comm.*, 249 Neb. 28, 541 N.W.2d 36 (1995).

### IV. ANALYSIS

Currie asserts that the district court's order, awarding Chief damages on its counterclaim, was void because the district court was divested of jurisdiction to proceed on the counterclaim once Currie perfected the appeal of the order granting summary judgment. As a general proposition, an appellate court and the tribunal appealed from do not have jurisdiction over the same case at the same time. See, e.g., *State Bank of Beaver Crossing v. Mackley*, 118 Neb. 734, 226 N.W. 318 (1929); *County of Douglas v. Burts*, 2 Neb. App. 90, 507 N.W.2d 310 (1993). Thus, we must determine which court, the district court or the Court of Appeals, possessed jurisdiction over this case at the time the trial on the counterclaim was conducted.

Currie cites *Nuttelman v. Julch*, 228 Neb. 750, 424 N.W.2d 333 (1988), in support of the position that the district court was divested of jurisdiction to hear Chief's counterclaim once Currie perfected the appeal of the summary judgment order. In *Nuttelman*, the plaintiff brought a petition in ejectment against the defendants. The defendants counterclaimed, alleging that the plaintiff's petition was frivolous and vexatious, for which they sought relief by injunction and money damages.

The district court dismissed the plaintiff's petition with prejudice and held that there remained justiciable issues of fact to be resolved upon the defendants' counterclaims. After the plaintiff filed an appeal of the decision to this court, the district court dismissed the defendants' counterclaims. This court held that "the district court was without authority to issue an order dismissing the counterclaims. Any order made by the district court after the vesting of jurisdiction in the Supreme Court is void and of no effect. The district court lost jurisdiction the instant the appeal was perfected." *Nuttelman v. Julch*, 228 Neb. at 756, 424 N.W.2d at 338.

Clearly, the court in *Nuttelman*, which is procedurally similar to the instant case, reached a result favorable to Currie's position. However, in *Nuttelman*, the court did not discuss the connection of the counterclaim with the subject matter of the action or analyze whether the order issued was a final, appealable order.

In the instant case, Chief argues that Currie's appeal of the order granting summary judgment did not divest the district court of jurisdiction to consider its counterclaim because (1) the counterclaim arose from a separate and distinct set of operative facts than Currie's cause of action, and (2) the counterclaim was pending in the district court at the time of the appeal, making the appeal a nullity, since appellate courts are without jurisdiction to entertain appeals from nonfinal orders.

### 1. CONNECTION WITH SUBJECT MATTER OF ACTION

Chief first asserts that the district court retained jurisdiction over the counterclaim because the counterclaim was not closely enough connected with Currie's negligence action. In Nebraska, all counterclaims are permissive. In other words, the defendant is not required to plead the counterclaim. The penalty for failure to so plead is that, in subsequent action thereon, the defendant cannot recover costs. See Neb. Rev. Stat. § 25-814 (Reissue 1995). See, also, *Rogers v. Buettgenback*, 114 Neb. 834, 211 N.W. 168 (1926). Although counterclaims are not compulsory in this state, Neb. Rev. Stat. § 25-813 (Reissue 1995) requires that counterclaims must arise out of the contract or transaction set forth in the petition *or* be

connected with the subject matter of the action. See, also, *Klitzing v. Didier*, 215 Neb. 122, 337 N.W.2d 418 (1983). The connection of a counterclaim with the subject matter of the action must be more than casual or incidental; it is required to be immediate and direct. *McGerr v. Marsh*, 148 Neb. 50, 26 N.W.2d 374 (1947).

In the instant case, Chief's counterclaim for damages was in response to what it perceived as a frivolous attempt by Currie to hold Chief liable for Elizabeth Currie's injuries. We determine that Chief's counterclaim was immediately and directly connected with the subject matter of that action. Moreover, Currie never objected to, but in fact answered, the counterclaim. As a result, we determine that Chief's argument, that the trial court retained jurisdiction over the counterclaim because the counterclaim arose from a separate and distinct set of operative facts, is without merit.

## 2. FINAL ORDER

Chief next asserts that the district court retained jurisdiction over the counterclaim because the Court of Appeals was without jurisdiction to entertain Currie's appeal from a nonfinal order. For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken. Conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Village of Orleans v. Dietz*, 248 Neb. 806, 539 N.W.2d 440 (1995); *Olsen v. Olsen*, 248 Neb. 393, 534 N.W.2d 762 (1995). In the absence of a final order from which an appeal may be taken, the appeal must be dismissed for lack of jurisdiction. *In re Adoption of Krystal P. & Kile P.*, 248 Neb. 907, 540 N.W.2d 312 (1995); *Olsen v. Olsen, supra*.

There are three types of final orders which may be reviewed on appeal: (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made upon summary application in an action after a judgment is rendered. *Rohde v. Farmers Alliance Mut. Ins. Co.*, 244 Neb. 863, 509 N.W.2d 618 (1994); *Jarrett v. Eichler*, 244 Neb. 310,

506 N.W.2d 682 (1993). See, also, Neb. Rev. Stat. §§ 25-1902 and 25-1911 (Reissue 1995).

(a) Substantial Right

All three types of final, appealable orders share the requirement that a substantial right be affected. A substantial right is an essential legal right, not a mere technical right. *Rohde v. Farmers Alliance Mut. Ins. Co., supra*; *Jarrett v. Eichler, supra*. A substantial right is affected if the order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing. *Jarrett v. Eichler, supra*.

We determine that a substantial right of Currie was affected, because the order granting summary judgment in favor of Chief dismissed Currie's negligence claim with prejudice. However, the determination that a substantial right was affected does not end our inquiry as to whether the summary judgment order satisfies any of the three definitions of a final, appealable order.

(b) Does Not Determine Action and Prevent Judgment

The first type of final order, i.e., an order which determines the action and prevents a judgment, was discussed in *Rohde v. Farmers Alliance Mut. Ins. Co., supra*. In that case, this court stated:

> To be a "final order" under the first type of reviewable order, an order must dispose of the whole merits of the case and must leave nothing for further consideration of the court, and thus, the order is final when *no* further action of the court is required to dispose of the pending cause; however, if the cause is retained for further action, the order is interlocutory.

(Emphasis supplied.) *Id.* at 868-69, 509 N.W.2d at 623.

Although Chief was not required by law to bring its counterclaim in this action, it chose to do so, as permitted by law. The district court, by setting Chief's counterclaim for trial at a later date, retained the cause for further action, and thus, did not "dispose of the whole merits of the case." As a result, the district court's order does not meet the definition of the first type of final, appealable order.

(c) Special Proceeding

However, " '[w]hether an order is final and appealable does not depend upon whether that order completely disposes of the action. . . . [A]n order affecting a substantial right made during a special proceeding is a final and appealable order.' " *In re Adoption of Krystal P. & Kile P.*, 248 Neb. at 911, 540 N.W.2d at 315 (quoting *Jarrett v. Eichler, supra*). Thus, we must determine whether the summary judgment process is a special proceeding.

Most recently, this court has construed the phrase "special proceeding" to mean "every civil statutory remedy which is not encompassed in chapter 25 of the Nebraska Revised Statutes." *State v. Hansen*, 249 Neb. 177, 182, 542 N.W.2d 424, 429 (1996). Accord, *Jarrett v. Eichler, supra*; *In re Interest of R.G.*, 238 Neb. 405, 470 N.W.2d 780 (1991). However, this court has not consistently construed the meaning of the phrase "special proceeding." In addition to the aforementioned definition, this court has stated:

> A special proceeding which affects a substantial right is, by definition, not part of an action. Rather, a special proceeding includes " 'every special statutory remedy which is not in itself an action.' " *In re Interest of R.G.*, 238 Neb. at 413, 470 N.W.2d at 787 (quoting *Turpin v. Coates*, 12 Neb. 321, 11 N.W. 300 (1882)). Accord *Western Smelting & Refining Co. v. First Nat. Bank*, 150 Neb. 477, 35 N.W.2d 116 (1948).
>
> . . . A "special proceeding" occurs when the law has conferred a right and has authorized an application to the court to enforce that right. *Sullivan v. Storz*, 156 Neb. 177, 55 N.W.2d 499 (1952).

*Jarrett v. Eichler*, 244 Neb. 310, 313-14, 506 N.W.2d 682, 685 (1993).

Thus, we determine that "every civil statutory remedy which is not encompassed in chapter 25" is not an all-inclusive definition of special proceeding. In other words, the fact that the summary judgment process is encompassed in chapter 25 (Neb. Rev. Stat. §§ 25-1330 to 25-1336 (Reissue 1995)) does not preclude this court from finding the summary judgment process to be a special proceeding. In fact, this court has

clearly stated that "[t]here can be little doubt that the summary judgment process as defined by statute is a special proceeding." *Otteman v. Interstate Fire & Cas. Co., Inc.*, 171 Neb. 148, 151, 105 N.W.2d 583, 586 (1960). See, also, *In re Interest of R.G., supra* (listing *Grantham v. General Telephone Co.*, 187 Neb. 647, 193 N.W.2d 449 (1972), a case involving a summary judgment, as an example of a special proceeding). Thus, we conclude that the district court's order granting summary judgment in favor of Chief, which order dismissed Currie's negligence claim with prejudice, meets the definition of the second type of final, appealable order because it affected substantial rights of Currie and was made during a special proceeding.

Lower courts are divested of subject matter jurisdiction over a particular case when an appeal of that case is perfected. *Anderzhon/Architects v. 57 Oxbow II Partnership, ante* p. 768, 553 N.W.2d 157 (1996); *Flora v. Escudero*, 247 Neb. 260, 526 N.W.2d 643 (1995). Thus, the Court of Appeals, not the district court, had jurisdiction to proceed on this case once Currie perfected the appeal of the order granting summary judgment in the Court of Appeals. A judgment entered by a court which lacks subject matter jurisdiction is void. *Bradley v. Hopkins*, 246 Neb. 646, 522 N.W.2d 394 (1994); *VonSeggern v. Willman*, 244 Neb. 565, 508 N.W.2d 261 (1993). Because we conclude that the district court did not have jurisdiction to proceed on the counterclaim and that thus its order is void, we need not analyze Currie's other assigned errors.

## V. CONCLUSION

We determine that an order granting summary judgment is a final, appealable order, notwithstanding the fact that a counterclaim, pled in the answer of the same action, is pending in the trial court at the time the appeal of the order is perfected. As a result, we conclude that the district court's order, awarding Chief damages on the counterclaim, is void because the district court was divested of jurisdiction to proceed on the counterclaim the instant Currie perfected the appeal of the summary judgment order. Thus, we reverse and vacate the dis-

trict court's order, and remand for a new trial on the counter-claim.

JUDGMENT VACATED, AND REVERSED
AND REMANDED FOR A NEW TRIAL.

FAHRNBRUCH, J., not participating.