MOSES BANKS, PLAINTIFF IN ERROR, v. GEORGE P. UHL, DEFENDANT IN ERROR.

1. **Practice:** ERROR. Where the judgment of a justice of the peace is taken on error to the district court and reversed, and the original case retained for trial in that court, such judgment of reversal is a final judgment, and may be reviewed by the supreme court without waiting for the final disposition of the original case in the supreme court.

2. ———: WAIVER OF ERROR. The failure to except to such judgment of reversal, and to take steps to set it aside until after the original case has proceeded to final judgment, will be deemed a waiver of all errors committed in its rendition.

ERROR from the district court of Nemaha county. Motion made by defendant in error to dismiss proceedings.

*George P. Uhl*, for the motion.

*J. H. Broady, contra.*

LAKE, CH. J.

This is a motion to quash the proceedings in error, and to strike the case from the docket for the reason, as is alleged, that a final judgment has not yet been rendered in the district court.

In making this motion, the defendant in error proceeds upon the theory that where the judgment of a justice of the peace is taken on error to the district court, and reversed, and the original cause is retained and set down for trial in that court, as the statute directs, the judgment of reversal cannot be reviewed by this court until after a final trial and judgment is had on the original cause of action. In this, however, he labors under a mistake. A proceeding in error, whereby a judgment of a justice of the peace is taken to the dis-

trict court and reversed, is an independent action, the sole object of which is to vacate or modify the judgment against which it is directed. It is commenced by filing a petition, and causing a summons to issue thereon, and is in no sense a continuance of the action in which the erroneous judgment was rendered. And the judgment of reversal is a *final* judgment in that action, which can be reviewed only by a petition in error prosecuted in this court.

In such case, where the judgment of reversal is submitted to, no exception being taken, nor steps pursued to set it aside, and the original cause of action is proceeded with to final judgment, without objection, it is too late to complain, as we held in the case of *Lash v. Christie*, 4 Neb., 262. Such an acquiescence will be deemed a waiver of any error committed by the district court in its judgment of reversal.

We conclude, therefore, that this proceeding in error was properly brought, and the defendant's motion must be denied.

MOTION DENIED.

The motion to dismiss being denied, the cause was set down for argument at the next term of the court.