TOOTLE, HOSEA & CO., PLAINTIFFS IN ERROR, V. JONATHAN JONES, DEFENDANT IN ERROR.

1. **Justice of Peace:** SETTING ASIDE JUDGMENT. The order of a justice of the peace, or a county judge in the exercise of the same powers and jurisdiction, in setting aside a judgment rendered in the absence of a defendant, when made under the provisions of section 1001 of the civil code, should be made condition-

ally only in the first instance, and cannot be finally made unless the conditions of the section are complied with by the party seeking to open the judgment. If notice is not given to the plaintiff, as required, the application should be overruled and the original judgment be allowed to stand. The giving of the notice is jurisdictional.

2. ———: APPEARANCE: WAIVER. An application to set aside a judgment under the provisions of section 1001 of the civil code, is a recognition of the regularity of the judgment and a waiver of any objection that the judgment was prematurely rendered.

3. ———: ERROR: REVIEW IN SUPREME COURT. Where a judgment of a justice of the peace or county judge is taken on error to the district court and reversed, and the original case retained for trial in that court, such judgment of reversal is a final judgment and may be reviewed by the supreme court without waiting for the final disposition of the original case in the district court. *Banks v. Uhl,* 5 Neb., 240.

REESE, J.

On the 3d day of December, 1883, plaintiff instituted a suit in the county court, claiming judgment for $65.70 and interest from March 1st, 1883. On the same day defendant appeared, waived issuance of summons, entered a general appearance, and obtained leave to answer in four days, and by agreement the trial was adjourned until January 7, 1884. The defendant failed to appear at the time fixed for trial, and judgment was rendered in favor of plaintiff. On the same day defendant filed a motion to open and set aside the judgment and confessed judgment for costs. The motion was sustained, the judgment set aside, and the time for trial fixed for one o'clock, P.M. of January 14. On that day defendant filed affidavit for continuance for service of notice, and the cause was continued until February 4th, when defendant appeared and the cause was continued until April 7. On the 7th day of April defendant appeared, and there was a finding and judgment in his favor for $48 and costs. Plaintiff removed the cause to the district court, alleging error in all the proceedings after the entry of the

judgment in favor of the plaintiff on the 7th of January. The district court found error and reversed the judgment of the county court and retained the cause for trial. Plaintiff again alleges error in this court, assigning as such the action of the district court in retaining the cause for trial instead of allowing the judgment of January 7th to stand.

The question here presented is simply one of jurisdiction. If the county court had authority to set aside the judgment of January 7, and grant a new trial, but his proceedings were erroneous and irregular, the action of the district court is correct, as it is in accordance with the requirements of section 601 of the civil code. But if the county court exhausted its jurisdiction to render a judgment on the rendition of its first judgment, and its proceedings thereafter were void, the proceedings should have been set aside and the original judgment be allowed to stand. The authority of a justice of the peace, or county judge within that jurisdiction, to set aside a judgment rendered in the absence of a defendant is found in section 1001 of the civil code. This section is as follows:

"When judgment shall have been rendered against defendant in his absence, the same may be set aside upon the following conditions: *First.* That his motion be made within ten days after such judgment was entered. *Second.* That he pay or confess judgment for the costs awarded against him. *Third.* That he notify in writing the opposite party, his agent or attorney, or cause it to be done, of the opening of such judgment and of the time and place of trial at least five days before the time, if the party reside in the county, and if he be not a resident of the county by leaving a written notice thereof at the office of the justice ten days before the trial."

By an examination of this section it will be seen that the order setting aside a judgment can be made only on three conditions. These are, the making of the motion

within the time prescribed, the payment of costs, or that judgment therefor be confessed, and that the party seeking to set it aside give written notice of the same and of the time of trial. These conditions are precedent. If the motion should be made after the expiration of the time in which the law provides it may be made, the justice could not molest the original judgment. If the defendant refused to pay or confess judgment for costs, he would have no power to act. The same is true if the notice be not given. The judgment can only be set aside conditionally in the first instance. Maxwell's Justice Practice, 76. If the judgment is thus conditionally set aside, and the notice is not given nor waived, that fact should be stated on the docket, without hearing any testimony, and the motion overruled. Swan's Treatise, 12th ed., 104. Applying these rules to this case, it is clear that the county court was without jurisdiction to set aside the judgment of January 7, as no notice was ever given, and his acts in that behalf were absolutely void. From the abstract it appears that the adjournments were allowed that defendant might give the required notice, but no notice was given, and finally an effort was made to set the judgment aside without it. Plaintiff seems to have had no knowledge of these proceedings, at least no appearance nor waiver of notice is shown.

It is claimed by defendant in error that the first judgment was erroneous, for the reason that it was rendered at the time set for trial, without waiting one hour, as required by law, before its rendition, and in this connection it is urged that as the record does not show to the contrary we must presume the judgment was set aside within the hour after the time set for trial, as it affirmatively appears that the action of the court in setting it aside was had on the same day on which the judgment was rendered. Neither one of these positions can be maintained, taking the abstract of the record as our guide. It is true that the effort to open the judgment was made on the same day on which

it was rendered, but it is shown that defendant appeared, "files motion to open and set aside judgment, and confesses judgment for costs," etc. Had defendant appeared within the time allowed by law for making his defense, it is very clear that he would not have confessed judgment for costs, nor would he have had the case continued from time to time in order that he might give the notice required by section 1001, *supra*. No such confession of judgment or notice would have been necessary. A simple demand to make his defense would have been all that would have been required. By his action he recognized the validity and regularity of the judgment, and he cannot now question it.

It is further contended by defendant in error that this cause should be dismissed, for the reason that the order complained of is not a judgment or final order subject to review, as the case is still pending in the district court upon its merits. That question was before this court in *Banks v. Uhl*, 5 Neb., 240, where it was held otherwise, and to which we adhere.

The judgment of the district court is reversed, and all the proceedings of the county court after the rendition of the judgment of January 7, 1884, set aside, and the judgment of that date in favor of plaintiff in error is reinstated.

JUDGMENT ACCORDINGLY.

THE other judges concur.