HENRY W. LLOYD, PLAINTIFF IN ERROR, v. J. F. REYNOLDS, DEFENDANT IN ERROR.

[FILED MARCH 27, 1889.]

1. **Practice in Supreme Court:** JURISDICTION. Where a transcript and petition in error are filed in the supreme court within a year from the date of the rendition of the judgment, and the adverse party voluntarily enters an appearance therein, after the expiration of the year, the case will not be dismissed for want of jurisdiction.

2. ———: DISMISSAL OF ACTION. Motion to dismiss the action should be filed before the preparation and service of briefs in the case, otherwise, ordinarily, they will be disregarded.

3. **Landlord and Tenant:** MISTAKE IN LEASE: FORCIBLE ENTRY AND DETENTION: JURISDICTION OF JUSTICE. One H entered

into an agreement with R. to rent his farm, and received $150 for the year 1885; also a note for $200, which the testimony tended to show was for the rent for the year 1886, and a second note for $200, which the testimony tended to show was for the rent for the year 1887. In 1886 H. sold said farm to L., who had full notice of the rights of the lessee. In an action of forcible entry and detainer brought by L. against the lessee, it appeared that by mistake the lease was made to terminate March 1, 1887, instead of March 1, 1888, as intended by the parties. It also appeared that H. had delivered the note due in 1887 for rent, to L., who retained the same. *Held,* That while a justice of the peace or county judge could not grant affirmative relief by reforming the contract, yet he could receive proof of the mistake for the purpose of showing that the defendant was not wrongfully and unlawfully in possession of the premises.

4. **Verdict.** *Held,* That the verdict was clearly sustained by the evidence, and that there was no error in the record.

ERROR to the district court for Cass county. Tried below before CHAPMAN, J.

*A. Beeson, T. B. & S. J. Stevenson,* and *A. N. Sullivan,* for plaintiff in error, cited: Greenleaf on evidence, 275; *Hamilton v. Thrall,* 7 Neb. 210; *Brondberg v. Babbott,* 14 Id. 517; *O'Leary v. Iskey,* 12 Id. 136; *Baier v. Humpall,* 16 Id. 127; *Rothe v. Rothe,* 31 Wis. 572; *Curtis & Co. v. Cutler,* 7 Neb. 317; *Caldwell v. Dickson,* 26 Mo. 61; *Thomas v. Thomas,* 15 B. Mon. (Ky.) 185; *Shepard v. White,* 11 Tex. 356; *Woodman v. Chesley,* 39 Me. 50.

*Covell & Polk,* for defendant in error, cited: *Wyche v. Green,* 11 Ga. 159; Kerr on Fraud and Mistake, 417; *Coquillard v. Hovey,* 23 Neb. 622.

MAXWELL, J.

This is an action of forcible entry and detainer brought by the plaintiff against the defendant in the county court of Cass county, where judgment was rendered. An appeal was taken to the district court, where on the trial a verdict

was returned in favor of the defendant, and a motion for a new trial having been overruled, judgment was entered on the verdict.

The attorneys for the defendant now move to dismiss the case, because no summons in error was issued and served within a year from the rendition of the judgment in the court below. The record shows that judgment was entered in that court on the 10th day of December, 1887; that a transcript and petition in error were filed in this court on the 10th day of October, 1888; that on the 17th day of December, 1888, the attorneys of the defendant entered into the following stipulation: "The issuance and service of summons in error in this cause is hereby waived by the defendant in error." This was duly signed. Briefs on behalf of the plaintiff and defendant were thereupon prepared and filed, and are now before us. The transcript and petition in error were properly filed in the court within the year, and the defendant could lawfully enter his appearance herein after the expiration of that time. In a number of cases this court has held that objections to the jurisdiction of the court must be made at an early period in the proceedings or they will be waived. There is no justice in subjecting a party to the costs incident to preparing briefs and appearing to argue a case upon the supposition that it is to be tried upon the errors assigned in the petition in error, and then, instead of such hearing, permitting the adverse party for the first time to raise the question of jurisdiction. When a transcript and petition in error are filed within the time required by law, the adverse party may enter a voluntary appearance after that time, and this may be done in any of the forms known to the law. The first objection, therefore, is overruled.

The testimony tends to show that in the year 1885, one R. O. Hoback was possessed of certain lands in Cass county, and that he entered into an agreement with the defendant to lease the same to him, as follows: "Agreement of lease

made this 22d day of June, A. D. 1885, between R. O. Hoback, of Cass county, Nebraska, and J. T. Reynolds, of state and county aforesaid: The said J. T. Reynolds agrees to pay R. O. Hoback five hundred and fifty dollars ($550$\frac{00}{100}$) for the rent of the said R. O. Hoback's farm and premises, including the growing crop of this year, 1885. Lease to commence June 22d, A. D. 1885, ending March 1st, A. D. 1887, the rent to be paid as follows: one hundred and fifty dollars June 22d, 1885; two hundred dollars August 15th, 1886; two hundred dollars August 15th, 1887; and said R. O. Hoback agrees to put necessary repairs needed; the said J. T. Reynolds agrees to deliver said premises to R. O. Hoback in as good repairs as he received it, subject to unavoidable accidents; said J. T. Reynolds is to have entire possession and control of said premises during the time herein mentioned; said R. O. Hoback agrees to furnish necessary wood for fuel during time of lease; said R. O. Hoback reserves the right to sell or move off said timber to any amount discretionary with said R. O. Hoback.             J. T. REYNOLDS.
                                      R. O. HOBACK."

The agreement seems to have been drawn by the parties themselves. In June, 1886, Hoback sold the land in question to one Hammond W. Lloyd for the plaintiff, and indorsed on the back of the agreement for a lease the following: "Having sold and transferred the within land leased, and the notes given for the within rent money, I now also sell and assign and transfer for valuable consideration all my rights and claims in this lease and also do assign this lease to Hammond W. Lloyd, and I hereby authorize him to collect the rents and do all things and exercise all rights as to this lease and the within mentioned land, as fully as I would have done thereunder.        R. O. HOBACK.

"Dated this 22d day of June, 1886, in presence of J. T. Greenwood."

The testimony tends to show that Hammond W. Lloyd,

·the brother and agent of the plaintiff, called upon Mr. Reynolds before he purchased the land in question, and was informed by him that the lease ran until the 1st of March, 1888. Mr. Lloyd admits this to be the case, and that he was shown the lease, which, he says, had been changed from 1887 to 1888. The testimony also tends to show that the $150 paid June 22d, 1885, was for the rent of the land in controversy for that year; that the first note of $200 was for the rent of the land for the year 1886, and the second note for $200 was for such rent for the year 1887. These notes were delivered to the agent of the plaintiff presumably for the use of the latter, so that without offering to return the latter note, he is seeking to deprive the defendant of the use of the land in question for the year 1887. The principal contention of the plaintiff is, that "As the parties have deliberately put their engagements in writing in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement of the parties, and the extent and manner of their undertaking was reduced to writing, all oral testimony of a previous colloquy between the parties, or of conversation or declarations at the time when it was completed or afterwards, as it would tend in many instances to substitute a new and different contract for the one which was really agreed upon, to the prejudice, possibly, of one of the parties, is rejected." This is true except in cases of fraud, accident, or mistake. When either of these have changed the terms of the contract, the facts in the case may be shown. But it is said on behalf of the plaintiff in error that a justice of the peace or county judge sitting as such, has no authority to reform contracts, and that on appeal the district court would have no jurisdiction to do so. This must be admitted; yet it does not follow that such courts could grant no relief. This is an action brought by the plaintiff against the defendant on the ground that he is unlawfully and wrongfully in possession of land of the

plaintiff. Now, while the justice of the peace cannot reform the contract and grant affirmative relief, yet he may admit and consider the proof that a mistake was made in the date of the termination of the contract, whereby the defendant has been deprived of his rights, and that therefore he is not unlawfully and wrongfully in possession of said land. The law is to be used in enforcing and protecting rights of parties, and not as a pretext to deprive them of such rights. ·The questions of fact in the case were fairly submitted to the jury, the verdict is fully sustained by the evidence, there is no error in the record, and it is evident that the proper judgment has been entered.

It is therefore affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.