DANE COUNTY BANK OF STOUGHTON, WISCONSIN, V.
THOMAS J. GARRETT ET AL.

FILED JUNE 16, 1896.    No. 6673.

1. Judgments: FINAL ORDER: REVIEW. An order of a district court, made in an error proceeding setting aside the judgment of a county court, is a final order which may be reviewed on error by the supreme court before the final disposition of the original case by the district court.

2. Appeal from County Court to District Court: JURISDICTION: TRANSCRIPT. The filing in a district court of a petition in error and the issuance of a summons in error, to review the judgment of a county court, within one year from the date of its rendition, are not alone sufficient to invest the district court with jurisdiction. It is also indispensable to the jurisdiction of the district court that there should be filed therein a transcript of the proceedings of the county court had in the case in which the judgment sought to be reviewed was rendered, and such transcript must be filed in the district court within one year after the date of the rendition of such judgment.

ERROR from the district court of Phelps county. Tried below before BEALL, J.

*Rhea & Rhea*, for plaintiff in error.

*A. J. Shafer, contra.*

Ragan, C.

On the 4th day of January, 1892, in the county court of Phelps county, the Dane County Bank recovered a judgment against Thomas J. Garrett et al. on a promissory note. No appeal was ever taken by Garrett et al. from this judgment. On the 14th day of January, 1892, Garrett et al. filed in the district court of Phelps county a petition in error to reverse the judgment of the county court. A summons in error was issued and served on the 18th of January, 1892. On the 23d of June, 1893, Garrett et al., for the first time, filed in the district court a transcript of the proceedings of the county court. The district court sustained the petition in error and set aside the judgment of the county court, and to reverse this order of the district court the Dane County Bank has filed in this court a petition in error.

1. The action of the district court in sustaining the error proceeding and setting aside the judgment of the district court was a final order which the Dane County Bank may review in this court by error proceedings without waiting for the final disposition of the original case by the district court. (*Banks v. Uhl,* 5 Neb., 240; *Tootle, v. Jones,* 19 Neb., 588.)

2. The filing by Garrett & Co. in the district court of their petition in error and having a summons in error issued and served did not invest the district court with any jurisdiction to review the judgment of the county court. In order to have invested the district court with jurisdiction to review that judgment it was not only necessary for Garrett et al. to file their petition in error in the district court, but also to file in the district court a transcript of the proceedings had by the county court (Code of Civil Procedure, secs. 584, 586); and such peti-

tion in error and transcript of the proceedings of the county court must have been filed in the district court within one year from the date of the rendition of the judgment by the county court. (See Code of Civil Procedure, sec. 592, and *Sturtevant v. Wineland*, 22 Neb., 702.) The district court, then, was without jurisdiction to review the judgment of the county court, and its judgment in the premises was void and the judgment of the county court remains in full force and effect, so far as the action of the district court is concerned. The judgment of the district court is reversed and the proceeding in error from county court is dismissed.

REVERSED.