DAVID BRADLEY & COMPANY, APPELLANT, V. CHARLES E. MATLEY, APPELLEE.

FILED FEBRUARY 20, 1909. No. 15,458.

Judgment: COLLATERAL ATTACK. In this case, where a justice of the peace overruled a special appearance objecting to the jurisdiction over the person, an adequate remedy was given by error proceedings, and the ruling cannot be assailed collaterally.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Hainer & Smith,* for appellant.

*H. M. Sullivan* and *Mockett & Matley, contra.*

Epperson, C.

On March 27, 1905, defendant obtained a judgment against plaintiff, a foreign corporation, in a justice of the peace court. The summons in that action was served upon said "David Bradley & Co., by delivering to W. D. Cocke, General Agent, a true and certified copy of the same." Upon the return day the plaintiff herein filed a special appearance objecting to the jurisdiction of the court over its person because no summons had been served upon it. This special appearance was supported by the affidavit of W. D. Cocke, who said that he was not the general or managing agent of said David Bradley & Company. The special appearance was overruled, but plaintiff herein made no further appearance before the justice of the peace, who entertained the cause and rendered judgment against the plaintiff herein. This action was brought to enjoin the collection of the judgment, which is alleged to be void because no summons had been served. The order of the justice of the peace in overruling the plaintiff's special appearance was an adjudication of the question of his jurisdiction over the person, and plaintiff had an adequate remedy at law by direct proceedings to reverse the judgment. We think that the plaintiff herein was at liberty to choose one only of two courses. It could appear before the justice of the peace by special appearance, or it could later collaterally attack the judgment rendered if the service of process was fatally defective. It voluntarily submitted the question of jurisdiction to the court. That court had the power to pass upon it, and its judgment was binding upon both the parties until reversed by an appellate court. The question is *res judi-*

*cata,* and we recommend that the judgment of the district court dismissing plaintiff's action be affirmed.

DUFFIE, GOOD and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.

DEAN, J., not sitting.