MARY RADIL, APPELLANT, v. ALICE L. SAWYER, ADMINIS-
TRATRIX, APPELLEE.*

FILED APRIL 13, 1909.   No. 15,600.

1. **Appeal: REVIEW.** Errors committed in the rendition of a judgment of the district court in reversing the judgment of a justice of the peace in error proceedings will not be reviewed on appeal to this court from the judgment of the district court rendered upon a trial of the merits.

2. **Judgment: COLLATERAL ATTACK.** A party who challenges the jurisdiction of the district court in proceedings in error from a justice of the peace, and suffers an adverse judgment, cannot collaterally attack such judgment.

APPEAL from the district court for Saline county: LESLIE G. HURD, JUDGE. *Affirmed.*

*Bartos & Bartos* and *Hall, Woods & Pound,* for appellant.

*W. G. Hastings* and *A. N. Dodson, contra.*

EPPERSON, C.

On May 24, 1904, the defendant in error recovered a judgment against the plaintiff's decedent before a justice

* Reversed on rehearing. See opinion, 85 Neb.. ——.

of the peace in a replevin suit. To reverse this judgment the plaintiff procured a transcript, which, with a petition in error, he filed in the office of the clerk of the district court June 3, 1904. Nothing further appears to have been done until on December 5, 1904, the defendant in error filed an objection to the jurisdiction of the court over her person, for the reason that no summons in error was issued nor served within the time provided by law. Later the plaintiff in error requested the court to issue a summons *nunc pro tunc*, alleging that the clerk of the court had neglected and failed to issue a summons in error as requested. On May 3, 1905, the special appearance was overruled, and plaintiff's motion sustained. A summons was then issued, as of date June 3, 1904, and served upon the defendant in error May 15, 1905. Defendant in error again filed a special appearance, objecting to the jurisdiction of the court because no summons had been issued within the time prescribed by law. On December 19, 1905, defendant excepted to an order reviving the action in the name of the administratrix, and renewed her objection to the jurisdiction of the court, and objected to the action of the court in proceeding with the case. On December 20, 1906, the court rendered judgment reversing that of the justice of the peace, and held the case for trial. November 16, 1907, upon trial, a judgment was rendered in favor of the plaintiff in error for the sum of $145 and costs, from which the defendant in error has appealed.

It is contended that the district court erred in overruling the special appearance and in rendering judgment in favor of the plaintiff in error. There was no prejudicial error in the court's ruling upon the first special appearance. Although an entry of record was made overruling it, the adverse party did, however, virtually submit to it by suing out summons thereafter. The rights of the parties depend upon the proceedings had subsequently to the overruling of the first special appearance. The issuance of a summons *nunc pro tunc* seems to be a new

feature in the practice in this jurisdiction. The author has never heard of a writ being issued in this manner. A summons previously issued and the return thereof may be properly entered of record *nunc pro tunc* for the purpose of supplying an error of omission; but we can conceive of no reason for permitting the issuance of a summons *nunc pro tunc* for the purpose of acquiring jurisdiction over a defendant. Section 64 of the code provides that a summons must be dated the day it is issued. The court below acquired no more jurisdiction by the issuance of this summons than it would had an ordinary summons been issued at that time and dated on the day it was issued.

This court has frequently held that the jurisdiction of an appellate court is dependent upon the commencement of error proceedings within the time fixed by statute, and that the parties could not by stipulation at a later date confer such jurisdiction upon the court. See *Tootle, Hosea & Co. v. Shirey,* 52 Neb. 674, and cases there cited. It has also been held that the summons must be issued within the time fixed by statute for the perfecting of error proceedings. *Rogers v. Redick,* 10 Neb. 332; *Omaha Loan & Trust Co. v. Ayer,* 38 Neb. 891. Our statute in force at the time of the error proceedings here in controversy were pending limited the institution of such proceedings to a period of six months. Such action was therefore barred at the time the plaintiff in error caused the summons to be issued. Upon the service of such summons the defendant in error again filed a special appearance, the overruling of which is here assigned as error. As we view it, it is immaterial whether the defendant in error filed a special or a general appearance. He had the right to appear generally and set forth the bar of the statute as a defense to the plaintiff's action. Having appeared and objected to the jurisdiction of the court, the court should have sustained such objection. The court's failure to do so was error. The court erroneously de-

cided that it had jurisdiction. But the defendant in error made no further appearance. He did not appeal from the judgment which necessarily followed the court's erroneous ruling; that is, the judgment reversing the judgment of the justice of the peace. This was a final judgment from which he could have appealed. *Banks v. Uhl,* 5 Neb. 240; *Tootle, Hosea & Co. v. Jones,* 19 Neb. 588; *Dane County Bank v. Garrett,* 48 Neb. 916. The defendant in error, having appeared and challenged the jurisdiction of the court, had his remedy by appealing from the judgment there rendered, and he cannot now attack it collaterally.

In *Banks v. Uhl, supra,* it was held: "The failure to except to such judgment of reversal, and to take steps to set it aside until after the original case has proceeded to final judgment, will be deemed a waiver of all errors committed in its rendition." In *David Bradley & Co. v. Matley,* 83 Neb. 589, we held that a special appearance before a justice of the peace objecting to the manner of the service of process need not have been made, but, having been made, an adverse judgment could not be assailed collaterally. We think that the rule there announced controls this case. The former decisions of this court do not establish that the failure merely to issue a summons in error within the time prescribed by statute absolutely deprives the court of jurisdiction over the subject matter. In *Lloyd v. Reynolds,* 26 Neb. 63, it was held that objections to the jurisdiction were too late if filed after the service of process and a voluntary appearance later than the time fixed. In *Benson v. Michael,* 29 Neb. 131, although holding that the issuance of a summons out of time did not confer jurisdiction, yet the rule was conditioned upon the fact that objection was made to the jurisdiction. Defendant's present contention is a collateral attack upon the judgment of the district court reversing that of the justice of the peace. It is a general rule, requiring no citation of authorities to support it, that a court is the judge of its own jurisdiction, and, unless it

was absolutely without power, a wrongful decision that it had jurisdiction was but an error, and such error must be taken advantage of by direct proceedings to reverse the judgment.

We recommend that the judgment of the district court be affirmed.

DUFFIE, GOOD and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.