BONNIE BROWN, APPELLANT, V. BOARD OF EDUCATION OF THE SCHOOL DISTRICT OF WILCOX, COUNTY OF KEARNEY, A POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA, APPELLEE.

435 N.W.2d 184

Filed February 10, 1989.   No. 87-271.

Mark D. McGuire, of Crosby, Guenzel, Davis, Kessner & Kuester, for appellant.

Kent E. Person, of Person, Dier, Person & Osborn, for appellee.

BOSLAUGH, CAPORALE, SHANAHAN, and GRANT, JJ., and CARLSON, D.J.

PER CURIAM.

This is an appeal in a proceeding in error to review the order of the board of education of the Wilcox, Nebraska, school district terminating the employment of the plaintiff, Bonnie Brown, as a teacher.

The original petition in error does not appear in the record filed in this court. The amended petition in error alleged that the plaintiff is a certificated teacher who was employed by the defendant district for the 1985-86 contract year. At a hearing on May 9, 1986, the board of education considered the termination of the plaintiff's contract, and on May 12, it terminated her contract.

The trial court found that the plaintiff was a "probationary certificated employee" as defined in Neb. Rev. Stat. § 79-12,107(3) (Reissue 1987) and that the plaintiff had failed to establish any error in the proceedings of the board of the defendant district. The trial court affirmed the order of the board not renewing the plaintiff's contract for the 1986-87 school year. The plaintiff has appealed.

In this court the plaintiff contends that the trial court erred in determining that the board of the defendant district could refuse to renew the plaintiff's contract and that the record supports the action of the board. We do not reach the plaintiff's contentions, because the record before us is not sufficient to permit such a review of the action of the board.

Neb. Rev. Stat. § 25-1905 (Reissue 1985) requires that a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated, or modified be filed with the petition. This requirement is mandatory and jurisdictional. Additional evidence may not be received, and the issues must be determined solely from the transcript filed with the petition.

*School Dist. No. 39 v. Farber*, 215 Neb. 791, 341 N.W.2d 320 (1983); *Jackson v. Jensen*, 225 Neb. 671, 407 N.W.2d 758 (1987); *Downer v. Ihms*, 192 Neb. 594, 223 N.W.2d 148 (1974); *Anania v. City of Omaha*, 170 Neb. 160, 102 N.W.2d 49 (1960).

At the trial in the district court, a transcript of the proceedings before the board was received in evidence without objection as exhibit 1, and an uncertified "Bill of Exceptions" was received as exhibit 2. No filing marks appear on exhibit 1 to indicate that it was filed with the petition in error as in *Ostler v. City of Omaha*, 179 Neb. 515, 138 N.W.2d 826 (1965), and so far as the record indicates, no transcript was filed with the amended petition in error. However, since the statements of counsel made on the record at the time exhibit 1 was offered at the trial in the district court indicate that a copy of exhibit 1 had been filed in the office of the clerk of the district court at some time, for the purposes of this opinion we assume exhibit 1 was a copy of a transcript that was filed with the original petition in error.

There is nothing in the record to indicate that the "Bill of Exceptions," received in evidence as exhibit 2, was a part of the transcript filed in the district court. The fact that the "Bill of Exceptions" was received in evidence is of no consequence, because the case must be determined upon the basis of the transcript filed with the petition in error, and additional evidence may not be received.

An examination of the transcript discloses no error in the proceedings. The judgment is, therefore, affirmed.

AFFIRMED.