COUNTY OF DOUGLAS, NEBRASKA, AND JOSEPH C. VITEK, DIRECTOR OF THE DOUGLAS COUNTY DEPARTMENT OF CORRECTIONS, APPELLEES, V. JOHNNY E. BURTS, APPELLANT.
507 N.W.2d 310

Filed October 12, 1993.   No. A-92-240.

Thomas F. Dowd, of Dowd & Dowd, for appellant.

James S. Jansen, Douglas County Attorney, and Michael W. Amdor for appellees.

SIEVERS, Chief Judge, and HANNON and MILLER-LERMAN, Judges.

HANNON, Judge.

In a disciplinary proceeding, the Douglas County Department of Corrections suspended Johnny E. Burts, the defendant in error, for 10 days without pay. He appealed to the Douglas County Civil Service Commission, and the commission set aside the suspension. The county appealed to the district court by petition in error. After a hearing, the district court vacated the commission's decision and remanded the case to the commission "for the preparation and execution of factual findings." The commission then prepared a written order containing factual findings and otherwise entered the same order as before. The county then formally notified the district court of the commission's action. The district court again reversed the order of the commission and reinstated the suspension. The defendant in error now appeals to this court. We reverse the judgment and remand the cause with directions for the district court to dismiss for lack of jurisdiction.

## FACTS

We are not deciding the case on the issue considered below, but a short summary of evidence adduced at the hearing before the commission will better identify the issue that controls the outcome of this appeal. Burts was a corrections officer with the Douglas County Department of Corrections. His duties included conducting pat-down searches on inmates. Corrections officers are trained to follow department policy and guidelines regarding the extent and method of carrying out these searches, including searches of the crotch and groin areas, to make sure inmates are not concealing weapons or other contraband.

On April 12, 1991, seven inmate trustees who worked in the kitchen were leaving the area and were required to be searched, and Burts searched them by a pat-down search. Witnesses at the proceedings testified that as Burts searched the groin and crotch areas of each inmate, the inmate dropped to his knees, grabbed at his crotch, and then laughed and danced. Later, the inmates alleged that during the search on April 12, Burts struck the

testicles of each inmate, which caused them to drop to their knees in pain. Burts' supervisors conducted an investigation into the matter.

Joseph C. Vitek, one of Burts' senior supervisors, suspended Burts on June 12, 1991. This action was upheld by John M. Taylor II, the personnel director for Douglas County, on June 20. On June 20, Burts appealed the suspension to the commission. At a hearing of the commission held on August 22, conflicting reports and testimony were presented. Vitek testified to the commission that the investigation revealed that Burts conducted the pat-down searches improperly, even if the searches involved merely "horseplay," and that a suspension of Burts for 10 days without pay was warranted. Burts testified and denied searching the inmates improperly. The commission set aside the suspension and ordered that wages be paid for the 10-day period.

On September 5, 1991, the county properly appealed by petition in error to the district court, pursuant to Neb. Rev. Stat. §§ 23-2501 et seq. (Reissue 1991) and 25-1903 (Reissue 1989). On February 11, 1992, the district court entered a memorandum opinion and order. In that order, the court observed that the commission did not make specific findings of fact as requested by the county and as the district judge deemed required by § 23-2511. The court's order then provided: "[T]he decision of the . . . Commission is vacated; and the matter is remanded to the Commission for the preparation and execution of factual findings which form the basis for the Commission's Order of August 22, 1991." By an order dated February 18, 1992, the commission essentially stated that it believed the testimony of Burts and another witness that Burts did not improperly perform the pat-down searches or strike the inmates' testicles, and the commission overturned the decision of the Douglas County Department of Corrections and ordered that the matter be stricken from his record and that Burts be compensated for the 10 days he was not paid.

The county then filed in the district court a document entitled "Notice of Filing Order." The document merely stated that the county had filed a duly authenticated copy of the commission's order of February 18, 1992. On February 25, the

district court held a hearing and entered a written memorandum containing special findings of fact that were contrary to the findings of the commission. The district court found that the decision of the commission was not supported by the evidence and that it was arbitrary, capricious, and unreasonable. The district court reversed the commission's order and reinstated the administrative decision to suspend Burts for 10 days.

## DISCUSSION

Burts appeals to this court, alleging in five assignments of error that the district court erred in finding the decision of the commission was not supported by the evidence and in finding the decision of the commission was arbitrary, capricious, and unreasonable. Burts also alleges that the appeal to the district court is frivolous and requests that an allowance of fees for his attorney be allowed in that court. We do not reach the errors assigned by Burts because we find that this appeal must be dismissed for lack of jurisdiction.

We believe this court does not have jurisdiction because the district court did not have jurisdiction when it entered the order appealed. In summary, the commission's order of August 22, 1991, was properly appealed to the district court by petition in error under Neb. Rev. Stat. §§ 25-1901 to 25-1908 (Reissue 1989 & Cum. Supp. 1992). The district court rendered its decision on that matter on February 11, 1992, when it vacated the commission's order and remanded the matter to the commission. The district court did not purport to reserve jurisdiction in itself. It simply vacated the commission's order and remanded the matter to the commission for further action.

Apparently, the county and the district courts proceeded in this case upon the assumption that the district court acquired jurisdiction at the time of the first appeal and kept jurisdiction until it rendered its order of February 25, 1992. At first blush, this assumption seems particularly tenable because the actions of the commission and the court were taken so quickly. However, this position is not tenable. In the first place, the order of February 11 stated that "the decision of the Douglas County Civil Service Commission is vacated; and the matter is

remanded to the Commission . . . ." Webster's Encyclopedic Unabridged Dictionary of the English Language 1576 (1989) defines "vacate" as "**4.** to render inoperative; deprive of validity; void; annul: *to vacate a legal judgment*." A judgment in an error proceeding reversing an inferior tribunal is a final order. *Tootle, Hosea & Co. v. Jones*, 19 Neb. 588, 27 N.W. 635 (1886). The district court's order was clearly a final order. It was not appealed to this court, and it became final.

■ More importantly, the district court remanded the case and the commission entered an order in compliance with the order of remand. The Supreme Court determined many years ago that it can modify its decisions within term, the same as any other court, except that once the district court acts upon its mandate, the Supreme Court's power to modify a decision ceases. *Horton v. State*, 63 Neb. 34, 88 N.W. 146 (1901). Likewise, when the district court remands a case, and the lower tribunal acts on that order, the district court's power to modify its order ceases.

■ Also, both the commission and the district court could not have jurisdiction over the same matter at the same time. The Supreme Court has stated, "It is not conceivable that both the supreme court and the district court could at the same time have jurisdiction of this cause." *State Bank of Beaver Crossing v. Mackley*, 118 Neb. 734, 735, 226 N.W. 318 (1929). We believe this notion is applicable between any tribunal that tries a matter and the court that hears appeals. As a general proposition, an appellate court and the tribunal appealed from do not have jurisdiction over the same case at the same time. We must therefore determine which court had jurisdiction at which time.

The transcript shows that the county filed a petition in error on September 5, 1991, as well as a praecipe for a transcript as required by § 25-1905. Generally, the transcript shows that the county perfected an appeal by petition in error from the order of the commission rendered on August 22, 1991. At that point, the district court had jurisdiction of the matter. As stated above, the district court lost jurisdiction when it vacated the commission's order and remanded the case to the commission on February 11, 1992. The notice of appeal to this court purports to appeal from the district court's decision of

February 25, and since that notice was not filed until March 23, that notice could not have given this court jurisdiction to review the order of February 11.

The commission necessarily had jurisdiction on February 18, 1992, when it entered the order of that date. The transcript shows that no petition in error or praecipe for a transcript of the proceedings was filed, both necessary steps to perfect an appeal to the district court from the commission's order of February 18.

■ While the question arose in a different manner, the following quote from the recent case of *Abboud v. Lakeview, Inc.*, 237 Neb. 326, 353, 466 N.W.2d 442, 459 (1991), is helpful:

> Abboud's only remedy was to file a petition in error requesting the district court to reverse or modify the decision of the Ralston City Council. This court could then review the district court's determination on appeal. He has failed to file a petition in error, and therefore the district court and this court are without jurisdiction to hear his claim.

In *Abboud*, the Supreme Court went on to list the various reasons why the amended petition was not a petition in error. Abboud at least filed a petition, albeit an inadequate one. The *Abboud* case is the most recent case holding that a petition in error is a jurisdictional requirement for an appeal by petition in error. In this case, the county did not attempt to file a petition in error, a transcript, a praecipe for a transcript, or a praecipe for summons, nor did it otherwise satisfy the requirements of §§ 25-1903 through 25-1905. See, *Brown v. Board of Education*, 231 Neb. 108, 435 N.W.2d 184 (1989); *McDonald v. Rentfrow*, 171 Neb. 479, 106 N.W.2d 682 (1960); *From v. Sutton*, 156 Neb. 411, 56 N.W.2d 441 (1953); *Barney v. Platte Valley Public Power and Irrigation District*, 144 Neb. 230, 13 N.W.2d 120 (1944); *Roberts v. City of Mitchell*, 131 Neb. 672, 269 N.W. 515 (1936). The district court did not acquire jurisdiction from the commission after the case was returned.

## CONCLUSION

In making this decision, we do not wish to imply that had the county filed a second petition in error, the district court and

hence this court could review the commission's decision. It may well be that the second appeal would be limited to issues raised after the first decision of the district court. Other procedures followed in this case appear to be novel. There was no properly perfected petition in error proceeding from the commission's February 18 decision in favor of Burts which the commission rendered after the district court's order of February 11 remanding the matter to the commission. Without the perfection of a second petition in error, the district court was without jurisdiction to reverse the commission's order of February 25. Therefore, the decision of the district court of February 25 is reversed, and the cause is remanded to the district court with directions to dismiss for lack of jurisdiction. Thus, the February 18 decision of the commission is reinstated.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.