Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/18/2018 02:14 AM CDT

- 422 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
BUTLER CTY. LANDFILL v. BUTLER CTY. BD. OF SUPERVISORS
Cite as 299 Neb. 422

Butler County Landfill, Inc., appellee,
v. Butler County Board of
Supervisors, appellant.
__ N.W.2d ___

Filed March 23, 2018.    No. S-17-276.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision.
2. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
3. ____: ____. Where a lower court lacks subject matter jurisdiction to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court.
4. **Political Subdivisions: Final Orders: Appeal and Error.** A district court order setting aside, annulling, vacating, or reversing a siting approval decision in a review pursuant to Neb. Rev. Stat. § 13-1712 (Reissue 2012) is a final order.
5. **Jurisdiction: Appeal and Error.** An appellate court and the tribunal appealed from do not have jurisdiction over the same case at the same time.
6. **Political Subdivisions: Jurisdiction: Time: Appeal and Error.** A failure to comply with the requirement under Neb. Rev. Stat. § 13-1712 (Reissue 2012) to petition for a hearing before the district court within 60 days after notice of the siting body's decision deprives the district court of jurisdiction to review a siting approval decision.

Appeal from the District Court for Butler County: Mary C. Gilbride, Judge. Appeal dismissed.

Kristopher J. Covi and Steven P. Case, of McGrath, North, Mullin & Kratz, P.C., L.L.O., and Julie L. Reiter, Butler County Attorney, for appellant.

Robert H. Epstein and Ryan C. Hardy, of Spencer Fane, L.L.P., and Stephen D. Mossman, of Mattson Ricketts Law Firm, for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Miller-Lerman, J.

## NATURE OF CASE

The Butler County Board of Supervisors (the Board) appeals from the order of the district court for Butler County which reversed the Board's decision to deny an application by Butler County Landfill, Inc. (BCL), to expand its solid waste disposal landfill area located in Butler County, Nebraska. We conclude that the district court lacked jurisdiction to enter the February 7, 2017, order from which this appeal is taken and that, consequently, we lack jurisdiction over this appeal. We therefore vacate the district court's order and dismiss this appeal.

## STATEMENT OF FACTS

BCL, a wholly owned subsidiary of Waste Connections of Nebraska, Inc., operates a solid waste landfill located in Butler County near David City, Nebraska. The landfill has been in existence since 1986, and an expansion of the landfill was approved in 1992 which allowed it to accept solid waste from other counties. The record indicates that by 2015, BCL was accepting solid waste from 15 to 20 counties in eastern Nebraska and some additional counties outside Nebraska.

BCL determined that it needed to expand the solid waste landfill area in Butler County. Neb. Rev. Stat. §§ 13-1701 to 13-1714 (Reissue 2012) are the statutes that govern siting approval procedures for solid waste disposal areas and

solid waste processing facilities. These statutes indicate that if denied, an applicant for siting approval can reapply after the passage of 2 years. See § 13-1711.

As required by § 13-1702, BCL filed a request for siting approval with the Board on July 6, 2015. In its request, BCL asserted, inter alia, that as the scope of the area it served has expanded, the amount of solid waste it accepted had increased. BCL asserted that in the mid-1990's, it had accepted approximately 100,000 tons of solid waste per year; that by 2015, it accepted approximately 550,000 tons of solid waste per year; and that it projected that by 2020, it would receive 800,000 tons of solid waste per year. The size of the expanded landfill approved in 1992 was 144.79 acres. In the July 6 request, BCL sought approval to further expand into a 160-acre parcel of land it had purchased that was contiguous to the south side of its existing landfill.

As required by § 13-1706, the Board, on October 28, 2015, held a public hearing on BCL's request. Part of the purpose of a public hearing under § 13-1706 is to "develop a record sufficient to form the basis of an appeal of the decision." At the public hearing, the Board heard testimony by representatives of BCL and by members of the public, including those who favored and those who opposed BCL's request.

Following the public hearing and a written comment period which served to supplement the record of the public hearing, the Board met on December 14, 2015, to deliberate BCL's request. At that meeting, the Board considered, inter alia, the statutory criteria for siting approval set forth in § 13-1703, which provides that "[s]iting approval shall be granted only if the proposed area or facility meets all of" six specified criteria. The record of the deliberations shows that the Board considered in turn whether each criterion had been shown. At the end of the Board's discussion of each criterion, a poll was taken of the seven supervisors as to whether each supervisor thought that specific criterion had been met. Based on the polling of supervisors during the meeting, all supervisors

- 425 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
BUTLER CTY. LANDFILL v. BUTLER CTY. BD. OF SUPERVISORS
Cite as 299 Neb. 422

agreed that three of the six criteria had been met, and all supervisors agreed that one criterion had not been met. With respect to the two remaining criteria, the votes were split, with a majority voting in each case that the criteria had not been met.

At the end of the discussion, based on the polling as to each criterion, a supervisor moved to deny the application, another supervisor seconded the motion, and the Board unanimously voted to deny the application. The supervisors thereafter signed a document titled "Decision Regarding Siting Approval," which set forth the procedures that had been followed with regard to BCL's application and which concluded that "[b]ased upon the finding that [BCL] has failed to meet all criteria required to be met under [§] 13-1703 it was moved . . . and seconded . . . that the [BCL application] be denied. Upon roll call vote, the motion was unanimously passed." This December 14, 2015, written decision did not specify which criteria were not met and did not further set forth reasons for the decision.

On February 10, 2016, BCL filed a petition in the district court for Butler County seeking judicial review, pursuant to § 13-1712, of the Board's denial of its siting application. At a hearing on the petition held on March 21, the district court received into evidence a transcript of the public hearing held October 28, 2015; the exhibits received at the public hearing; a transcript of the Board's December 14, 2015, meeting; and the Board's decision dated December 14, 2015.

After an additional hearing, the district court on June 17, 2016, filed a journal entry in which it referred to § 13-1712, which requires that "the district court shall consider the written decision and reasons for the decision of the . . . county board and the transcribed record of the hearing held pursuant to [§] 13-1706." The court concluded that in addition to a written decision and a transcript of the public hearing, the statute required the Board to "make a written statement of the reasons for its decision." The court stated that in this case, the

- 426 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
299 NEBRASKA REPORTS
BUTLER CTY. LANDFILL v. BUTLER CTY. BD. OF SUPERVISORS
Cite as 299 Neb. 422

Board "simply found that [BCL] had failed to demonstrate the statutory requirements but did not specify any of its reasons for reaching that conclusion." Although the district court's jurisdiction was conferred under § 13-1712, rather than under the Administrative Procedure Act, the court cited cases under the Administrative Procedure Act regarding a failure "to make findings of fact and conclusions of law." The court concluded its June 17 journal entry with the following paragraph, which was titled "Remand":

> The failure of the [B]oard to make specific fact findings as required by statute, necessitates that the order entered December 14, 2015 be set aside and the matter remanded to the . . . Board . . . with directions to make findings of fact supporting the order which they shall issue within thirty days of this remand.

For completeness, we note that because we lack jurisdiction over this appeal, we make no comment regarding the correctness of the district court's reading of the requirements of § 13-1712.

On July 14, 2016, the Board filed in the district court a "Notice of Compliance" stating that it had complied with the court's order. The Board attached to the filing a certified copy of a resolution passed by the Board on July 13 in which it stated that it had denied BCL's application by a unanimous vote and that it was adopting findings of fact "in further support of its denial" of BCL's application. In a document attached to the resolution, the Board stated that the supervisors unanimously determined that BCL satisfied three criteria, that the supervisors unanimously determined that BCL failed to satisfy one criterion, and that a majority of the supervisors determined that BCL failed to satisfy the two remaining criteria. The Board set forth its reasons for each of these determinations.

After the Board adopted the resolution on July 13, 2016, BCL did not file a new petition for judicial review pursuant to § 13-1712. Nevertheless, after the Board filed its notice of

- 427 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
299 NEBRASKA REPORTS
BUTLER CTY. LANDFILL v. BUTLER CTY. BD. OF SUPERVISORS
Cite as 299 Neb. 422

compliance, the district court held a hearing on October 25 and received briefing. At the conclusion of the hearing, the court stated that it was taking the matter under advisement.

On February 7, 2017, the district court filed an order in which it reversed the Board's decision to deny the application and remanded the matter to the Board with directions for the Board to approve BCL's application. In the February 7 order, the court specifically addressed each of the three criteria that the Board or a majority of the Board had determined BCL had not met. The court cited evidence from the record and determined as to each criterion that the Board's finding that the criterion was not met was in error. The court concluded that the Board's denial of BCL's application "was not based on competent evidence in the record, was contrary to law and was arbitrary and capricious." The court further concluded that based on the application, the record, and the relevant evidence, the Board should have approved BCL's application. The court therefore reversed the Board's order denying BCL's application and remanded the matter to the Board with directions to approve the application.

The Board appeals the February 7, 2017, order.

## ASSIGNMENT OF ERROR

The Board claims that the district court erred when it determined that the Board acted arbitrarily and capriciously when it denied BCL's application.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision. *Campbell v. Hansen*, 298 Neb. 669, 905 N.W.2d 519 (2018).

## ANALYSIS

[2,3] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has

jurisdiction over the matter before it. *Rafert v. Meyer*, 298 Neb. 461, 905 N.W.2d 30 (2017). Where a lower court lacks subject matter jurisdiction to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *Kozal v. Nebraska Liquor Control Comm.*, 297 Neb. 938, 902 N.W.2d 147 (2017).

Prior to our moving this case to our docket, the Nebraska Court of Appeals conducted a jurisdictional review. Following that review, the Court of Appeals issued an order to show cause in which it stated that a question existed "as to how BCL came back before the District Court following the court's June 17[, 2016,] order vacating the December 14, 2015 decision and remand back to the Board." The Court of Appeals stated that there was no indication in the record on appeal that BCL had filed a new petition in the district court after the Board issued its findings of fact and restated its decision to deny BCL's application. The Court of Appeals further stated that there was a question whether a second petition was necessary given the nature of the district court's remand. In its response to the order to show cause, BCL conceded that no second petition had been filed, but BCL asserted that a second petition was not necessary. Based on BCL's response, the Court of Appeals directed the parties "to include and address in their briefs the issue of whether a second petition was required following the District Court's order requiring the Board to make findings of facts and the Board's subsequent compliance with the Court's order."

The parties briefed the jurisdictional issue, and we granted BCL's petition to bypass the Court of Appeals. We now consider the jurisdictional issue. As explained below, we conclude that we do not have jurisdiction over this appeal, because the district court did not have jurisdiction when it entered the February 7, 2017, order, from which the Board appeals. The district court's June 17, 2016, order returned jurisdiction to the Board, and the district court was divested of jurisdiction.

After the Board acted on the district court's order, BCL took no action to again vest jurisdiction in the district court, and as a consequence, the district court's rulings after its June 17 remand were issued without authority.

As noted above, BCL filed a timely petition under § 13-1712 for the district court to review the Board's December 14, 2015, order denying BCL's application. The district court took action on that petition on June 17, 2016, when it determined that the Board had failed to make specific written findings of fact which the court believed were required by statute. The court thereby effectively concluded that the Board's order did not conform to the law. The court therefore ordered the Board's December 14, 2015, order to be "set aside and the matter remanded to the . . . Board . . . with directions to make findings of fact supporting the order which they shall issue within thirty days of this remand." In the order, the district court "set aside" the Board's order and remanded the matter to the Board for further action, but the district court did not explicitly purport to reserve jurisdiction in itself.

After the Board complied with the order and filed its notice of compliance in the district court, the parties and the district court proceeded upon the apparent assumption that the district court had acquired jurisdiction at the time BCL had filed its petition for review of the December 14, 2015, order and that the district court continued to exercise jurisdiction. Given certain inferences in the language of the June 17, 2016, order, this assumption might have seemed reasonable; on remand, the Board acted within the timeframe set forth by the court in the June 17 order, and the court promptly continued with proceedings in the case after the Board gave notice of its compliance. However, the assumption does not comport with the facts or applicable law, and we must therefore determine in this case which body—the district court or the Board—had jurisdiction at what time.

[4] We note first that the court in the June 17, 2016, order stated that the Board's failure to make findings of fact

"necessitate[d] that the order entered December 14, 2015 be set aside and the matter remanded" to the Board. Black's Law Dictionary 1580 (10th ed. 2014) defines "set aside" as "to annul or vacate (a judgment, order, etc.)." It has been stated that in an appeal to the district court by petition in error pursuant to Neb. Rev. Stat. §§ 25-1901 to 25-1908 (Reissue 2016), a judgment of the district court reversing an inferior tribunal is a final order. See *County of Douglas v. Burts*, 2 Neb. App. 90, 507 N.W.2d 310 (1993) (citing *Tootle, Hosea & Co. v. Jones*, 19 Neb. 588, 27 N.W. 635 (1886)). We similarly conclude that a district court order setting aside, annulling, vacating, or reversing a siting approval decision in a review pursuant to § 13-1712 is a final order. In *Tri-County Landfill v. Board of Cty. Comrs.*, 247 Neb. 350, 526 N.W.2d 668 (1995), we held that in conformity with Neb. Rev. Stat. § 25-1911 (Reissue 2016), in an appeal of a siting approval case under §§ 13-1701 to 13-1714, a judgment rendered or final order made by the district court may be reversed, vacated, or modified for errors appearing on the record. Applying the foregoing principles of law, the district court's June 17, 2016, order, which vacated the Board's decision, was a judgment under § 13-1712, and when it was not timely appealed, it became final.

In further support of our jurisdictional analysis, we note that the district court remanded the matter to the Board, and when the Board entered an order in compliance with the order of remand, the district court lost its power to further modify its order and, by extension, lost its power to act on this case. We have said:

> The jurisdiction of the supreme court over its own judgments and orders is, in general, the same as that of any other court of record, and hence it may alter or modify such judgments or orders and correct its mandates accordingly at any time during the term at which they are rendered, unless its mandate has been filed and acted upon in the lower court prior to the end of the term.

- 431 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
299 NEBRASKA REPORTS
BUTLER CTY. LANDFILL v. BUTLER CTY. BD. OF SUPERVISORS
Cite as 299 Neb. 422

*Horton v. State*, 63 Neb. 34, 38, 88 N.W. 146, 147 (1901). Likewise, when the district court remands a matter and the body to which the matter was remanded acts on that order, the district court's power to modify its order ceases. See *County of Douglas v. Burts, supra*.

[5] Finally, we observe that it would be inconsistent with our jurisprudence for the Board and the district court to have jurisdiction over the matter at the same time. As a general proposition, an appellate court and the tribunal appealed from do not have jurisdiction over the same case at the same time. *Currie v. Chief School Bus Serv.*, 250 Neb. 872, 553 N.W.2d 469 (1996). See *State Bank of Beaver Crossing v. Mackley*, 118 Neb. 734, 735, 226 N.W. 318, 318 (1929) ("[i]t is not conceivable that both the supreme court and the district court could at the same time have jurisdiction of this cause"). See, also, *County of Douglas v. Burts, supra*. We find this concept to be applicable as between the tribunal that tries a matter and the court that reviews or hears appeals from that tribunal's decisions. In this case, the Board acted like a tribunal with regard to the siting approval decision under §§ 13-1701 to 13-1714.

[6] Returning to the facts in this case, the Board filed its decision to deny BCL's application on December 14, 2015, and BCL vested jurisdiction in the district court when it filed its petition for review pursuant to § 13-1712. The district court lost jurisdiction when it set aside the Board's order and remanded the matter to the Board on June 17, 2016. The Board necessarily had jurisdiction on July 13, when it adopted the resolution of that date. The record shows, and BCL concedes, that after the Board adopted the resolution on July 13, BCL did not within 60 days after notice of the decision file a new petition for a hearing before the district court, as required under § 13-1712. We hold that a failure to comply with the requirement under § 13-1712 to petition for a hearing before the district court within 60 days after notice of the siting body's decision deprives the district court of

jurisdiction to review a siting approval decision. See, similarly, *Schaffer v. Cass County*, 290 Neb. 892, 863 N.W.2d 143 (2015) (determining that failure to file appeal within 30 days of judgment or final order as required for review on petition in error under § 25-1901 deprives district court of jurisdiction to hear appeal). We note that § 13-1712 specifically requires "the applicant" to file a petition; hence, the Board's act of filing its notice of compliance in the district court on July 14 could not satisfy the requirement under § 13-1712 that "the applicant . . . petition for a hearing." We reject any suggestion that the Board's filing of its notice of compliance in the district court caused the district court to reacquire jurisdiction after it had remanded the matter to the Board.

As noted above, in *Tri-County Landfill v. Board of Cty. Comrs.*, 247 Neb. 350, 526 N.W.2d 668 (1995), we held that pursuant to § 25-1911, in an appeal siting approval case under §§ 13-1701 to 13-1714, a judgment rendered or final order made by the district court may be reversed, vacated, or modified for errors appearing on the record. In an appeal authorized by § 25-1911, a party must follow the procedural requirements of Neb. Rev. Stat. § 25-1912 (Reissue 2016), including the requirement to file a notice of appeal within 30 days of the district court's decision, in order to vest jurisdiction in the appellate courts. The notice of appeal in this case was filed in the district court on March 3, 2017. Such notice was obviously not timely to give this court jurisdiction to review the June 17, 2016, order. Instead, the notice of appeal purports to appeal from the district court's February 7, 2017, order. However, because the district court did not have jurisdiction to enter that order, we consequently do not have jurisdiction to hear this appeal.

When an appellate court is without jurisdiction to act, the appeal must be dismissed. *Kozal v. Nebraska Liquor Control Comm.*, 297 Neb. 938, 902 N.W.2d 147 (2017). However, an appellate court has the power to determine whether it lacks jurisdiction over an appeal because the lower court lacked

jurisdiction to enter the order; to vacate a void order; and, if necessary, to remand the cause with appropriate directions. *Id*. Having determined that we lack jurisdiction over this appeal, we vacate the district court's February 7, 2017, order, which the district court was without jurisdiction to enter, and we remand the cause to the district court with directions to dismiss for lack of jurisdiction.

## CONCLUSION

On June 17, 2016, the district court "set aside" the Board's December 14, 2015, decision denying BCL's siting application and remanded the matter to the Board to make findings of fact. As a result of this order, jurisdiction was returned to the Board. After the Board acted on the remand, no petition was filed that would have again vested the district court with jurisdiction. We therefore conclude that the district court lacked jurisdiction to enter the February 7, 2017, order appealed in this case, and consequently, we lack jurisdiction over this appeal. As a result, we vacate the district court's February 7, 2017, order and dismiss this appeal.

Appeal dismissed.

Kelch, J., not participating in the decision.
Wright, J., not participating.